**State Employees Credit Union of Maryland, Incorporated**

P.O. Box 23966
Baltimore, MD 21203
410 487-SECU • 1 800 TRY SECU
www.secumd.org

## Total loan

**PROMISSORY NOTE – DISCLOSURE SECURITY AGREEMENT**

The words "You" and "Your" mean any person(s) authenticating this Agreement. The words "We", "Us" are part of this entire Agreement. "SECU" mean "State Employees Credit Union of Maryland, Incorporated".

| Primary Borrower Name/Address | Co Borrower Name/Address | Effective Date | Loan Number |
|---|---|---|---|
| Paul C Robinson<br>6030 Helmsman Ct<br>Clarksville, MD  21029 | | 12/19/2003 | |
| | | Maturity Date | Interest Rate |
| | | 12/19/2010 | 9.600% |

### FEDERAL TRUTH-IN-LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid when you have made all payments as scheduled |
| 9.600% | $ 18057.35 | $47,823.10 | $ 65,880.45 |

Your Payment Schedule Will Be:

| Number of Payments | Amount Of Payments | When Payments Are Due |
|---|---|---|
| 83 | $784.30 | Monthly Beginning 01/19/2004 |
| 1 | $783.55 | 12/19/2010 |

**PREPAYMENT:** If you pay off early, you will not have to pay a penalty.
**REQUIRED DEPOSIT:** The annual percentage rate does not take into account your required deposit if any
**PROPERTY INSURANCE:** You may obtain property insurance from anyone you want that is acceptable to the Credit Union
**LATE CHARGE:** If your scheduled payment is more than fifteen (15) days late SECU may assess a late charge equal to 5% of the payments due or $2.00 whichever is greater.
**VARIABLE RATE/PREFERRED ACCOUNT RELATIONSHIP**
☒ The annual percentage rate may increase during the term of this transaction in the event of termination of your automatic loan payment (payroll deduction, automatic transfer or ACH debit). You have 60 days after termination to resume automatic payment before your rate will actually increase. In the event of termination of your automatic payment your annual percentage rate will increase 1/4% above your existing interest rate. If the interest rate increases, your regular payments will increase based on your balance. At time of termination. For example, based on your current increased, your regular payment will increase to $ **190.45 monthly**

**FILING FEES: $0.00**   ☒ This Note has a Demand Feature.
**SECURITY:** You are giving a security interest in all present and future individual and joint share and other accounts you have in the Credit Union and in the following:
☒ The goods or property being purchased
☒ Co. Card securing this loan may also secure other loans with SECU
☒ Collateral securing other loans with SECU may also secure this loan except any loan secured by real property or household goods.
may give contract does not contain any additional information about prepayment, default, any required repayment in full before the scheduled due date, and prepayment refunds and penalties.

### PROMISE TO PAY

☒ To repay this loan, you promise to pay SECU $ **$47,823.10** the principal amount of this loan, plus simple interest at the initial rate of **9.600** % until this loan is repaid in full according to the payment schedule.

| CREDIT INSURANCE – Credit insurance is not required to obtain credit and will not be included unless you agree to pay the additional cost and sign below | | | |
|---|---|---|---|
| Type of Insurance | Premium | Check one or more boxes below | Signatures |
| Single Credit Life | | Single Credit Life Insurance ☐ YES ☒ NO | *Paul Robinson* — Borrower Signature   07/28/1967 Birth date |
| Joint Credit Life | | Joint Credit Life Insurance ☐ YES ☒ NO | |
| Credit Disability | | Credit Disability Insurance ☐ YES ☒ NO | Co Borrower Signature   Birth date |

**SECURITY** ☒ If this box is checked, the Consumer Claims and Defenses provision on page 3 is applicable
You grant to the Credit Union a Security Interest in all present and future individual and joint accounts in the Credit Union (other than those accounts it would give special tax treatment of this security interest applied to them) and the property (collateral) described below including equipment which later are attached to the collateral and become part of the collateral.
**COLLATERAL: 2004 CHEVROLET CORVETTE 1G1YY32G845113154**

**SIGNATURES:**
By authenticating, signing this TotalLoan Promissory Note Disclosure and Security Agreement or by endorsing the accompanying loan proceeds check or by accepting funds deposited in your Credit Union share or checking account you agree to make and be bound by the terms and conditions of the TotalLoan Promissory Note, Disclosure and Security Agreement and in signing the terms and card joins on all pages of this page document. You acknowledge your responsibility to ensure that the Credit Union is informed and in the rest order for a certificate of title if applicable. If your are authorizing, any other owner of collateral, you are giving the Credit Union a security interest in the property described above and you are bound only by the Security Agreement and you are not obligated to repayment of the note unless you are also a co-borrower. You acknowledge that you have read the entire Agreement and have received a copy. If you elect voluntarily credit insurance you acknowledge receipt of a certificate of insurance.
☒ You certify that the Lender did warranty it elect on its schedule has been offered to ☐ You do not want your loan payments made through Direct Payment (ACH Debit) you and you have voluntarily chosen to obtain it   Payroll Deductions Automatic Transfer from a SECU Account)

**CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS CONTRACT BEFORE YOU SIGN IT.**

Witness my/our hands and seal

| Signature | Date | Witness | Date |
|---|---|---|---|
| *Paul Robinson* (seal) | 12/19/03 | *Joyce Hatcher* | 12-19-03 |
| Co Borrower (seal) | Date | Witness | Date |
| Co Borrower (seal) | Date | Witness | Date |
| Other Owner of Collateral (seal) | Date | Witness | Date |

Copyright 2003 CommerSystems, Inc. • Peachtree City, GA 30269 Rev. 11/03 E-FORMS/SECU #9112 Laser   TotalLoan is the registered trademark and service mark of CommerSystems, Inc.

Borrower(s)
Paul C Robinson
6030 Helmsman Ct
Clarksville, MD  21029

Credit Union  SECU Credit Union

Date  12/19/2003   Loan Number

**Totalloan**
*PROMISSORY NOTE
AND SECURITY AGREEMENT*

## PROMISSORY NOTE & SECURITY AGREEMENT

FOR VALUE RECEIVED, YOU, THE UNDERSIGNED as Borrower and/or Co-Borrower, waiving your rights of demand and notice and any exemptions permitted by law, jointly and severally promise to pay to SECU the Amount Financed as indicated in the disclosure statement on the PAGE 1, together with interest at a rate per annum equal to the Annual Percentage Rate as shown in the disclosure statement on the balance of the principal amount remaining unpaid. Such payments will be made in consecutive installments, as provided for in the payment schedule and in such sequence as set forth in the payment schedule until the full amount of principal and interest has been paid.

[faded paragraph regarding Variable Rate/Indexed Account Relationships are payments made through payroll deduction, payments by Direct Deposit (ACH D) or automatic payments by transfer of funds from an account at SECU. However, if you change Direct Payment providers (ACH Debit), payroll departments or SECU account, to transfer of funds, you must notify SECU within seven (7) days of the change and you will have 60 days from the date we are notified to have a correct payments resumed. You agree to make recurring scheduled payments during this interim period and if you do not, you will lose the preferred rate and your rate will be that shown under the variable-rate provision incorporated by reference herein to the 1% above your existing interest rate as shown in the disclosure on page 1. SECU must receive the routing number of the financial institution to be debited for Direct Payment (ACH Debit) or the preferred rate will not apply.]

[faded paragraph] ... upon any default in payments or upon the entire balance will become immediately due and payable by the Borrower and/or Co-Borrower, at the option of the holder. It is agreed by the Borrower and/or Co-Borrower that until the note is fully paid, authorization is granted to the State of Maryland or other employer whom employees are with, the hire of membership of SECU to make such deductions from salary or pensions as submitted to them by SECU and authorize the State of Maryland or other employer agency to honor such deductions from salary or pension. In the event that the Borrower and/or Co-Borrower does not receive a payroll/pension check from the State of Maryland or other employer agency to any period which set in this employ it is agreed that the Borrower and/or Co-Borrower will remit payments directly to the office of the SECU and if the note is indexed to an attorney at law or a collection agency for collection will pay an additional sum equal to twenty five percent (25%) of the aggregate of the principal and interest to be together with court costs. Borrower and/or Co-Borrower agree to pay a late charge equal to the great of of $2.00 or five percent (5%) of the total amount of any delinquent or the periodic installment of principal and interest if the delinquency continues for at least fifteen (15) calendar days. You pledge all deposits which you now have or hereafter may have in SECU, as security for loans, interest costs or expenses and in the event of default you authorize the Treasurer to apply any and all such deposits to the payments of said loans, interest, costs or expenses. Borrower agrees to pay a return check fee as allowed under the Annotated Code of Maryland, Commercial Law Article, Title 12, Subtitle 10 for any loan payment made with a dishonored check.

This Promissory Note includes the Loan Disclosure Statement and Security Agreement and all pages of this multi page document, all of which are incorporated by reference and made part of.

**4.  Further Warranties and Covenants of Borrower:** Borrower warrants and covenants as follows:

(a)  Except for the security interest granted hereby, Borrower is the owner of the Collateral free from any adverse lien, security interest or encumbrance and Borrower will defend the Collateral against all claims and demands of all persons at any time claiming the same or any interest therein.

(b)  No Financing Statement covering any Collateral or any proceeds thereof is on file in any public office and at the request of SECU, Borrower will join with SECU in executing one or more Financing Statements pursuant to the Uniform Commercial Code in a form satisfactory to SECU and will, if permitted by law, pay the cost of filing the same or recording this agreement in all public offices wherever filing or recording is deemed by SECU to be necessary or desirable.

(c)  The Borrower will not sell or offer to sell or otherwise transfer the Collateral or any interest therein without the written consent of SECU.

(d)  If applicable the borrower will have and maintain insurance at all times on all Collateral (including so called extended coverage) against risks of fire, theft and such other risks as SECU may require and in the case of motor vehicles collision coverage containing such terms, in such form, for such periods and written by such companies as the insurers may appear. All insurance policies will provide for ten days written cancellation notice to SECU. Borrower will provide SECU with the insurance policies or, at the option of SECU, with certificates of such insurance evidencing such policies if so compliance will to the foregoing insurance provisions and SECU may, as an attorney for Borrower in obtaining, adjusting, settling and canceling such insurance and endorsing any drafts. In the event that the Borrower fails to provide insurance SECU may provide all risk insurance, and add the cost to any outstanding balance due and charge you a Finance Charge at the applicable rate. SECU may increase your payment by an amount sufficient to repay any charges added for such insurance in accordance with the regular payment schedule.

(e)  The Borrower will keep the Collateral free from any adverse lien security interest or encumbrance and, if applicable in good order and repair and will not waste or destroy the Collateral or any part of it. The Borrower will not use the Collateral in violation of any statute or ordinance and SECU may examine and inspect the Collateral at any time wherever it is located.

(f)  Adequate Protection. If this loan is secured by Securities, the ratio of the amount of the obligations of the Borrower to the value of all Collateral, guarantees and other security held by SECU (Security Value) and realizable thru high commercially reasonable disposition of the Collateral by SECU has been an essential part of the bargain between the Borrower and SECU and has been a crucial fact in establishing the rate of interest charged to the Borrower. If that ratio exceeds 70% of obligations to Security value, you will have the option of 1) paying the loan in full 2) supplying additional securities to secure the loan or 3) making a principal payment on the loan to bring the obligations to Security Value back to 50%. SECU is authorized to liquidate the collateral if you do not act on these options within 30 days of notification.

**5.  Additional Rights of Parties:** At its option SECU may discharge taxes, liens or security interests or other encumbrances at any time levied on or placed on the Collateral, may pay for insurance on the Collateral and may pay for the maintenance and preservation of the Collateral. Borrower gives SECU authorization to file a financing statement to reflect its security interest from time to time of others. SECU has the right to charge borrower for necessary interest accounting. The Borrower agrees to reimburse SECU on demand for any payment made or any expense incurred by SECU pursuant to the foregoing authorization. In any default, the Borrower may possess the Collateral and use it in any lawful manner not inconsistent with this agreement and any insurance policy.

**6.  Events of Default:** The Borrower is in default at the option of SECU under this agreement when any of the following occur:

(a)  Default in the payment or performance of any obligation, covenant or liability contained or referred to here or in any note evidencing the same.

(b)  Any warranty, representation or statement made or furnished to SECU by or on behalf of the Borrower proves to have been false or untrue in any material respect when made or furnished.

(c)  Loss, theft, substantial damage, destruction, sale or encumbrance to or of any of the Collateral or the making of any levy, seizure or attachment thereon.

(d)  Death, dissolution, termination of existence, insolvency, business failure, appointment of a receiver of any part of the property of, assignment for the benefit of creditors by, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against the Borrower, Co-Borrower, Endorsers or Surety for or with Borrower.

(e)  Removal of any Collateral from the U.S.A. and or termination of employer. The Borrower will be responsible for all loss or damage to the said Collateral.

**7.**  SECU or its agent authorized to enter any premises where the collateral may be located and remove the same therefrom on default its Borrower can give such notice, etc.

**8.  Remedies:** Upon such default and at any time thereafter SECU may declare all Obligations secured here immediately due and payable and will have the remedies of a secured Party under the Annotated Code of Maryland, Commercial Law Article, Title 12 Subtitle 10. In the event of the sale of Collateral the Borrower will be responsible for its deficiency and pay such balance on its demand.

**9.  General:** No waiver by SECU of any default will operate as a waiver of any other default of the same default on a future occasion. All rights of SECU will inure to the benefit of its successors and assigns and all obligations of the Borrower will bind his heirs, executors or administrators or his successors or assigns. If there is more than one Borrower their obligations here are joint and several.

**10.  Power of Attorney:** The undersigned appoints and constitutes SECU as his or her true and lawful attorney in fact, for you and in your name, to sign your name to payoff distribution cards and to see any dollar amount upon said cards to be applied towards the reduction of the balance due here.

**11.**  Borrower authorizes SECU at its option to complete any blank spaces in this Agreement in being understood and agreed. However, that this note, Disclosure and security agreement as above provided shall be complete whether or not such blanks are filled in or complete.

Copyright 2003 Commerce Systems Inc  Champion City  GA 30269  Rev 10/03  FORM 61874  PROM 0 SECU # 0113 Laser          Total can be reproduced only with permission of Commerce Systems Inc

Borrower(s)
Paul C Robinson
6030 Helmsman Ct
Clarksville, MD  21029

**Totaloan**™
*PROMISSORY NOTE
AND SECURITY AGREEMENT*

Credit Union  **SECU Credit Union**                    Date   12/19/2003   Loan Number

12. Borrower warrants that he has no other Collateral which is mortgaged in the security of such Borrower/Borrowers signatory here and application for such title will be executed in all future interest in favor of SECU in the amount of the indebtedness will be conveyed upon the Certificate of Title. SECU may act on any direction or authorization of any under signed Borrower.

13. The Borrower acknowledges receipt of the Truth in Lending Statement pursuant to Regulation Z prior to the execution of this Agreement and acknowledges reading and understanding this Agreement and agrees to all terms and conditions therein.

14. The Borrower agrees that in the event of a default, the creditor or SECU has the right to take the described collateral which has been offered as security for this loan.

15. Each and every paragraph of this Agreement and each portion thereof is considered to be severable from each and every other such paragraph or portion thereof; and if any part of this Agreement shall be adjudicated to be invalid, null or void, such adjudication will in no way affect the validity or enforceability of any other paragraph or portion thereof in this Agreement.

16. This Agreement is made and executed in the State of Maryland and the validity, construction, meaning and effect thereof is governed and determined by the Annotated Code of Maryland, Commercial Law Article, Title 12, Subtitle 10 and Financial Institution Article, Title 6.

17. On default, SECU has the right to take possession of the collateral. In taking possession, SECU may proceed without judicial process if this can be done without a breach of the peace. SECU is not responsible for any personal property left in the collateral. However, we will make a good faith effort to return your property.

18. In the event that this Security Agreement is referred to an attorney at law or collection agency for collection, the Borrower and/or Co-Borrower agrees to pay to additional sum equal to twenty five percent (25%) of the aggregate of principal and interest due together with court costs, repossession fees, advertising fee, auctioneer's fee and all other collection costs.

19. **The Collateral securing this debt also secures all other debts now or hereafter owed to us except that this Collateral will not secure any loan that is secured by your residence or household goods.**

20. **Demand:** If any of the obligations are payable on demand, demand may be made at any time, without notice and without regard as to whether or not a default has occurred.

21. **Right of Offset:** SECU may at any time without demand or notice of any kind appropriate and apply toward the payment of the unpaid balance due under this Note, any unpaid shares, dividends, deposits or monies you have in SECU except those deposits that would have adverse tax consequences if pledged as collateral.

22. You give SECU permission to file a financing statement to protect its security interest from the claims of others.

23. Any holder of this Consumer Credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained with the proceeds hereof recovering hereunder by the debtor shall not exceed amounts paid by the debtor hereunder.

24. You authorize the use of electronic signatures, facsimile signatures and photocopied signatures for all purposes, said signatures to have the same force and effect as an original signature, for all purposes including all applications or amendments thereto.

25. **Notice** You agree and affirm that your name and address shown here is your legal name and the place of your residence and such information will be proper address for all notices required by the Agreement and you further understand that any changes in this address must be submitted to us in writing to be effective.

| ITEMIZATION OF THE AMOUNT FINANCED | | | |
|---|---|---|---|
| The Credit Union or an entity affiliated with the Credit Union will retain a portion of the amount paid to others denoted by a (*) | | | |
| Itemization of amount financed of  $47,823.10 | Amount given to you directly  $47,823.10 | Paid on Account | Prepaid Finance Charge  $ 0.00 |
| Amount paid to others on your behalf | | | |
| Fees Paid to Others on Your Behalf | | | $0.00 |

Page 3 of 3

Copyright 2003 Conmar Systems, Inc. Reproduced by authorized users. Unauthorized use, reproduction or distribution prohibited.    Totaloan is a service mark of Conmar Systems, Inc.